[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION WITH RESPECT TO MOTIONS FOR PENDENTE LITE ORDERS
In this action for the dissolution of the marriage, the court has before it the plaintiff Cameron Canny's motions for child support and alimony pendente lite and the defendant Robert Canny's motion for inventory of personal property. The plaintiff and the defendant were married on September 9, 1983 and have three children issue of the marriage, to wit: Jared born March 26, 1984, Heather born November 16, 1987 and Nicholas born December 19, 1988.
The court has heard the parties at length. Some general CT Page 1333 findings and observations are necessary before the court issues its awards. The plaintiff resides in the family residence with the three children. The defendant resides with his mother.
The plaintiff, who suffers from cervical cancer, sole source of income in $45.50 per week ($36.50 after deductions) from the Regional District School as a part-time aid for the classroom and cafeteria, employment which she commenced on November 1, 1999. She has interviews for increased employment and hopes to return to school in order to obtain a college degree to become a teacher. The plaintiff also has a business which she operates under the tradename of Summit Equine Service which manages horse shows. Summit has operated at a loss since its inception and has accumulated debts of $5,280.00. The plaintiff should consider terminating the business so that she could devote more time to employment that will produce income.
The defendant is a carpenter foreman employed by Walgreen Drugstores (through a union hiring hall) and is required to travel throughout Connecticut and Massachusetts. When he works full time his gross weekly wages are $1059.00. Two observations with respect to his employment should be made. First, the defendant, by claiming no exemptions for withholding taxes, has an excessive amount withheld utilizing this as savings program so that he may obtain a substantial tax refund. Although the plaintiff has condoned this practice when they lived together, for determining periodic pendente orders, the court must calculate the defendant's net earnings based upon five exemptions ($98.00) which would increase the net income available by $63.00 ($161.00 less $98.00) with respect to federal income taxes and an estimated increase of $15.00 with respect to state income tax, in total $78.00. In addition, the plaintiff has from time to time taken an additional carpentry jobs in his spare time.
The defendant testified that he was concerned that although he is now working full time, his workdays have been reduced in the past. The court must base these pendente lite orders on his current status. Of course, the court has continuing jurisdiction over these pendente orders.
There are allegations that the defendant has confiscated family savings and impetuously disposed of a valuable motorcycle. Likewise, there are allegations that the plaintiff has listed excessive liabilities on her financial affidavit and specifically a debt to her father Roger Drew. These matters and others are CT Page 1334 best determined at the final hearing on the dissolution.
One final general comment should be noted. Both parties are loving and caring parents and desire to do what is in the best interests of their children. This should be a strong impetus to not only mediate the issues of custody and visitation, but also the financial aspects of the dissolution. An agreement on these matters by the parties will allow for a more amicable relationship which is in the best interests of the children. A judgment in this case may dissolve the marriage of the parties but will never alter the relationship between them and their children — both will continue to be the parents of their three children.
Accordingly, taking into consideration the child support guidelines promulgated pursuant to General Statutes § 46b-215c, the financial affidavits of the parties and other evidence before this court, the court enters the following pendente lite orders.
The defendant will continue to pay the mortgage and taxes of approximately $415.00 per week, electric payment of $50.00 per week, and automobile and homeowners insurance of approximately $57.00 per week. In addition, the defendant will pay to the plaintiff unallocated support and alimony the sum of $125.00 per week.
The foregoing orders are retroactive to November 4, 1999, the date these motions appeared on the calendar for hearing, but continued in order to accommodate counsel for the defendant.
The defendant's motion for the inventory of the personal property is granted.
Berdon, J. Judge Trial Referee